NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOLIVAR EDUARDO POZO PINTO, | Hon. Joseph A. Dickson, U.S.M.J. |
| Plaintiff, | Civil Action No.: 16-cv-5201 |
| v. | OPINION |
| ELIZABETH VILLAGOMEZ GAVILANEZ, | |
| Defendant. | |

**DICKSON, U.S.M.J.**

This matter comes before the Court *sua sponte* for appointment of *pro bono* counsel for *pro se* Defendant Elizabeth Villagomez Gavilanez ("Defendant") pursuant to 28 U.S.C. § 1915.

**I.    BACKGROUND**

On August 26, 2016, Plaintiff Bolivar Eduardo Pozo Pinto ("Plaintiff") filed a Verified Complaint against Defendant asserting claims against the Defendant "to secure the return of his eight (8) year old son, N.E.P.V. . . . who was without Petitioner's consent, wrongfully removed from Ecuador to Plainfield, New Jersey, by" Defendant. (Compl., ECF No. 1). Plaintiff filed the Verified Complaint pursuant to the Convention of the Civil Aspects of International Child Abduction ("The Hague Convention") and the International Child Abduction Remedies Act.

On November 23, 2016, Defendant filed a motion to transfer venue to a District Court located in New York. (Def. Br., ECF No. 9 at 2). There, Defendant alleges her "official residence is in the State of New York". (Def. Br., ECF No. 9 at 2). She also stated that "due to [her] economic circumstances [she] is unable to hire an Attorney" to represent her in this action.

1

(Def. Br., ECF No. 9 at 2). Defendant requested the appointment of an attorney. (Def. Br., ECF No. 9 at 2). On March 7, 2017, this Court heard oral argument. The Court reserved on the motion to transfer venue.

The United States is a contracting state to "The Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 49 (reprinted at 51 Fed. Reg. 10494 (Mar. 26, 1986)), and Congress has implemented its provisions through the International Child Abduction Remedies Act, 42 U.S.C.S. § 11601 et seq." Abbott v. Abbott, 560 U.S. 1, 5 (U.S. 2010). The Convention directs the Court to act "expeditiously in proceedings" involving the return of children. Hague Convention on the Civil Aspects of International Child Abduction Art. 11, October 25, 1980. The Court has decided to consider the appointment of *pro bono* counsel for Defendant.

## II. **LEGAL STANDARD**

The Court has broad discretion to determine on a case-by-case basis whether to appoint counsel to a *pro se* litigant. Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). The Court may appoint counsel upon motion or *sua sponte* if deemed necessary. Id. at 156. In determining whether to appoint counsel, as a threshold matter, the Court must analyze the substance of a plaintiff's underlying claim against defendant for merit before engaging in any further evaluation. See Id. at 155. Only after a determination that a plaintiff's claim has merit in fact and law should a court move on to consider and evaluate the factors outlined in Tabron. See Id. These include whether:

> (1) the *pro se* party lacks the ability to present an effective case without an attorney;

2

> (2) the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
> (3) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
> (4) the case is likely to turn on credibility determinations;
> (5) the case will require expert testimony; and
> (6) the party is unable to attain and afford counsel on his/her own behalf.

See Parham v. Johnson, 126 F.3d 454, 357 (3d Cir. 1997); Tabron, 6 F.3d at 155-56. However, while these factors are meant to guide the Court in making its determination, they are not exhaustive and the Court may consider any other factor it deems relevant. Tabron, 6 F.3d at 157. Furthermore, the Court need not find that each of the Tabron factors is met before appointing *pro bono* counsel. Brandt v. Ganey, 2008 WL 5416393, at * 11 (D.N.J. Dec. 22, 2008).

### III.   ANALYSIS

The Court focuses primarily on the ability of Defendant to defend her case without the assistance of counsel. Tabron, 6 F.3d at 156. A review of the history of motions and applications filed by Defendant from the onset of this matter demonstrates that Defendant may have a rudimentary understanding of her rights but lacks the legal training to effectively defend her case in federal court in accordance with the Federal Rules of Civil Procedure and other applicable law, which in this case involves an international treaty and statutory law. Finally, the ability of Defendant to obtain and afford counsel on her own behalf is a factor to be considered by the Court. Defendant asserts that she cannot afford an attorney.

Finally, the Court finds that the administration of this litigation and judicial efficiency will greatly benefit from the clarity that would result from the appointment of an experienced trial attorney familiar with federal practice and federal rules as counsel for Defendant.

## IV.   CONCLUSION

The administration of justice and fairness to the litigants requires the appointment of *pro bono* counsel at this time.   An appropriate Order accompanies this Opinion.

_____   3/20/17
JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Esther Salas, U.S.D.J.

4